OPINION *Page 2 
¶{1} Plaintiff-appellant Dierre Mosley appeals from the decision of the Belmont County Common Pleas Court dismissing his habeas action. On appeal, he urges that he attached sufficient commitment papers in support of his petition and that the trial court erred in failing to realize that a lack of jurisdiction by the sentencing court is an exception for defendants who have an adequate legal remedy. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE ¶{2} On September 13, 1983, after pleading guilty in Summit County Case Number CR-1983-06-0664, appellant was sentenced to consecutive sentences of five to twenty-five years for rape (the sexually oriented offense at issue herein) and four to fifteen years for kidnapping. These sentences were to run concurrently with Summit County Case Number CR-1983-02-0238, wherein appellant had pled guilty and had been sentenced to concurrent sentences of one to five years for breaking and entering and four to twenty-five years for aggravated burglary.
¶{3} According to appellant, he was paroled on June 1, 1990, after serving seven years. Within a year of his release on parole, appellant was arrested, resulting in Summit County Case Number CR-1991-05-1009. On August 8, 1991, he pled guilty to burglary and was sentenced to eight to fifteen years in prison. Whether his parole was also revoked at this time on his various offenses, most specifically the parole on the rape offense, becomes important due to the following enactment.
¶{4} On July 1, 1997, Chapter 2950, Ohio's sexual predator act, went into effect. It provided in pertinent part that an offender is subject to registration with the sheriff regardless of when the sexually oriented offense was committed, where the offender was sentenced for the sexually oriented offense to a prison term and where on or after July 1, 1997, the offender was released in any manner from the prison term. See R.C. 2950.04(A)(1)(a). See, also, former R.C. 2950.09(C) (if convicted of and sentenced to a sexually oriented offense prior to January 1, 1997 and if, on or *Page 3 
after January 1, 1997, the offender is serving a term of imprisonment, the department of rehabilitation and corrections could notify the court that a sexual predator hearing was advisable).
¶{5} After enactment of Chapter 2950 and before appellant's December 1, 1998 release on parole, the Summit County Common Pleas Court ordered appellant conveyed to court for a sexual predator hearing in order to have appellant adjudicated a sexual predator on top of the automatic registration requirement for sexually oriented offenders. On October 20, 1998, that court classified appellant as a sexual predator and ordered him to report within seven days of his release from prison. He did not appeal this decision.
¶{6} Appellant states that he was returned to prison in March of 2000, apparently for violations of the sexual predator requirements, and he advises that he was not released again until July 2004. He was then arrested twice in 2005 for failure to register his change of address. On December 1, 2005, after pleading guilty to two felony charges of failure to register a change of address in violation of R.C. 2950.05(E), appellant was sentenced to two years on each count to run concurrently with each other. See Summit County Common Pleas Number CR-2005-06-1995. Because his parole had also been revoked due to these new convictions, he was not released from prison after serving the two years.
¶{7} Consequently, on February 6, 2008, appellant filed a petition for a writ of habeas corpus in the Belmont County Common Pleas Court against the warden of the Belmont Correctional Institute, where he was being held. Appellant pointed out that the failure to register a change of address offense requires as an element that the person be required to register under R.C. 2950.04. He then alleged that only those being imprisoned for a sexually oriented offense after the July 1, 1997 effective date of Chapter 2950 could be forced to register upon release. He claimed that he was never imprisoned for a sexually oriented offense after his June 1, 1990 parole release, construing his imprisonment after July 1, 1997 as unrelated to the 1983 rape conviction. Based upon this claim, he concluded that the Summit County Common Pleas Court lacked jurisdiction to convict and sentence him for failure to register a change of address. *Page 4 
 ¶{8} He attached the following documents to his habeas petition: the September 1983 judgment entry sentencing him on the rape and kidnapping; the December 2005 judgment entry sentencing him on the failure to register a change of address convictions; a parole board screening document showing that his most recent parole revocation was based upon the failure to register offense; and, an October 2007 parole board decision showing that his parole revocation would continue and he would remain incarcerated even after the two-year concurrent sentences expired.
¶{9} The warden responded by filing a motion to dismiss appellant's habeas petition. Procedurally, the warden stated that appellant failed to attach all necessary commitment papers such as the sentencing entry in his initial 1983 conviction for breaking and entering and aggravated burglary, the 1991 sentencing entry for burglary and all other relevant parole revocation decisions (especially the revocation after the 1991 crime). Substantively, the warden alleged that appellant had an adequate remedy at law and that appellant was attempting to use habeas as a substitute for a direct appeal, post-conviction relief petition or a petition for a writ of mandamus.
¶{10} Appellant filed a memorandum in opposition arguing that the attached commitment papers were sufficient as he was incarcerated for, and his parole was revoked as a result of, the December 2005 sentence on his convictions for failure to register a change of address. Appellant then alleged that where a judgment is void for lack of jurisdiction, there is an exception to the adequate remedy at law test.
¶{11} On March 19, 2008, the trial court dismissed appellant's habeas petition. The court noted that habeas is not a substitute for other remedies and held that appellant was improperly attempting to use habeas in order to reverse alleged errors of a court that had jurisdiction. The court also found that appellant failed to attach all relevant commitment papers in violation of R.C. 2725.04(D). Appellant filed timely notice of appeal resulting in the case before us.
¶{12} Before proceeding to address appellant's assignments of error, we note that after the briefs were filed, appellant filed a change of address with this court showing that he was released from prison on June 10, 2008. A habeas petition generally becomes moot when the prisoner is released from prison. Crase v. Bradshaw, 108 Ohio St.3d 212,2006-Ohio-663, ¶ 5. See, also, Pewitt v. Lorain *Page 5 Correctional Institution (1992), 64 Ohio St.3d 470, 472. Parole and post-release control do not constitute confinement for purposes of habeas. White v. Wolfe, 7th Dist. No. 305, 2003-Ohio-3883, ¶ 11. See, also, State ex rel. Smirnoff v. Greene (1998), 84 Ohio St.3d 165, 168
(habeas not available to complain about parole conditions).
¶{13} However, mootness upon release from confinement is a general rule with exceptions. Where the habeas claim is "capable of repetition, yet evading review," the court can still address the claim after the inmate's release from prison. Crase, 108 Ohio St.3d 212 at ¶ 5-6. See, also, Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125, ¶ 14, fn.1 (if there is a reasonable expectation that same complaining party will be subject to the same action again, or the action presents debatable constitutional question, or there is a question of great public or general interest).
¶{14} For instance, an unlawful extension of a release date by the parole board became moot when the inmate was released and was not "capable of repetition, yet evading review." Crase, 108 Ohio St.3d 212, ¶ 2-7. Similarly, jail time credit is moot once the inmate is released as the same issue cannot arise again since credit cannot be used in the future. See State ex rel. Gordon v. Murphy, 112 Ohio St.3d 329,2006-Ohio-6572, ¶ 6.
¶{15} Compared to Crase and Gordon, the situation in the case at bar, is a more appropriate example of the "capable of repetition, yet evading review" exception. That is, appellant, who insists he is improperly being subjected to registration requirements and the accompanying offense for violation of the requirements, can be returned to prison for conviction or parole violation only to be released before the court can resolve any habeas action seeking a determination that the registration statute is not applicable to him.
¶{16} Appellant was in prison at the time his habeas petition was filed in the trial court, throughout the trial court's review of his petition and during briefing in this court. Although the appellate court can consider presently existing facts such as intervening release, we are not forced to dismiss on mootness grounds in a situation such as this.
¶{17} In any event, even if we refuse to dismiss for mootness, we cannot reach the merits of appellant's petition. Within the analysis of the assignments of error *Page 6 
below, appellant failed to attach all necessary documents to his petition. Furthermore, his attempted use of habeas is not appropriate here as he had an adequate remedy at law because the Summit County Common Pleas Court did not patently and unambiguously lack jurisdiction.
 ASSIGNMENT OF ERROR NUMBER ONE ¶{18} Appellant's first assignment of error provides:
¶{19} "THE LOWER COURT ERRED WHEN IT OVERRULED PETITIONER-APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS, AGREEING WITH RESPONDENT-APPELLEE THAT PETITIONER-APPELLANT HAD AVAILABLE AN ALTERNATIVE REMEDY WHERE HIS CONVICTION FOR FAILURE TO GIVE NOTICE OF CHANGE OF ADDRESS CHANGE WAS VOID AB INITIO."
¶{20} Appellant does not seem to disagree that he had an adequate remedy outside of habeas. Instead, he contends that an exception to this habeas element exists because the trial court lacked jurisdiction to convict and sentence him for failure to register. He notes that the failure to register offense in R.C. 2950.05(A)(1) contains as an element that the offender is required to register under R.C. 2950.04. He then states that he was not required to register under R.C. 2950.04 because he was not incarcerated on a sexually oriented offense on or after July 1, 1997.
¶{21} Appellant cites Supreme Court cases, holding that under the differing statutes, a person in prison on any offense after July 1, 1997 can be adjudicated a sexual predator under R.C. 2950.09 but has no duty to register under R.C. 2950.04 unless he was imprisoned for and released from the sexually oriented offense after July 1, 1997. See State v.Taylor, 100 Ohio St.3d 172, 2003-Ohio-5452, ¶ 9-10; State v.Bellman (1999), 86 Ohio St.3d 208, 209. He points out that this holds true even if a prisoner was returned to prison on a parole violation for a term previously served concurrently with the sexually oriented offense. State v. Champion, 106 Ohio St.3d 120, 2005-Ohio-4098, ¶ 13
(affirming the dismissal of an indictment on failure to register an address change).
¶{22} However, this case is distinguishable. In Champion, the defendant was sentenced in 1978 to two to five years on a sexually oriented offense to run concurrent with another sentence. When he was released on parole eleven years later, the *Page 7 
sexually oriented offense sentence was obviously complete. Thus, when he was returned to prison on a parole violation, he was not returned on the sexual offense.
¶{23} To the contrary, when appellant was paroled in 1990 with seven years served, there is no indication that he had completed his rape sentence of five to twenty-five years. We also note that the rape and kidnapping charges were consecutive not concurrent sentences, and the kidnapping charge pled to simultaneously with the rape charge may have also been considered a sexually oriented offense as well. See former R.C. 2950.01(D) (defining sexually oriented offense as one of the listed crimes committed with sexual motivation), citing R.C. 2950.01
(kidnapping).
¶{24} Under the plain language of R.C. 2950.04(A)(1)(a) and2950.09(C), appellant's claim rests on the issue of whether he was serving a term for a sexually oriented offense at the July 1, 1997 effective date of Chapter 2950. Notably, the twenty-five-year maximum sentence for his rape conviction would not have expired on this date. Appellant does not seem to recognize that his claim entails a determination of whether his parole for rape was revoked after his 1991 conviction and return to prison.
¶{25} After pointing out that appellant failed to attach the relevant parole revocation documents, the warden notes that a parole revocation would have been automatic as a result of conviction of a new felony while on parole. See O.A.C. 5120:1-1-18. The warden also points out that a sentence for a new felony committed by a parolee is to be served consecutively. See R.C. 2929.41(B)(3) (version at time of 1991 conviction). We also note that a more recent parole revocation document that appellant did attach to his petition refers to many crimes including R.C. 2907.02 and thus implies that appellant was still on parole for the rape at the time of his last revocation.
¶{26} However, we cannot proceed to a final decision on the question of whether appellant was returned to prison on a sexually oriented offense for a parole violation as a result of the 1991 burglary conviction. For the following reasons, this question is not subject to habeas relief. *Page 8 
 ¶{27} Generally, the extraordinary writ remedy of habeas relief is only available when there is no adequate remedy at law. State ex rel.Pesci v. Lucci, 115 Ohio St.3d 218, 2007-Ohio-4795, ¶ 6 (claims of speedy trial violation and invalid indictment are not cognizable in habeas). Thus, if the defendant has or had an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate. SeeState ex rel. Sneed v. Anderson, 114 Ohio St.3d 11, 2007-Ohio-2454, ¶ 7-8.
¶{28} Here, there were multiple adequate remedies at law available to appellant. For instance, he could have sought to withdraw his guilty plea to the failure to register charges, and/or he could have appealed the convictions for failure to register. See, e.g., Alexander v.Eberlin, 7th Dist. No. 06BE38, 2007-Ohio-5000, ¶ 12. Moreover, he could have raised the issue at the October 1998 sexual predator hearing and/or appealed from the sexual predator determination and accompanying notice requiring him to register within seven days of release. There is also the option of delayed appeal or that of reopening based upon ineffective assistance of appellate counsel if appeals were in fact filed without raising this issue.
¶{29} It is true that if the court of confinement lacked jurisdiction, it is irrelevant that the defendant had an adequate remedy at law.Smith v. Bradshaw, 109 Ohio St.3d 50, 2006-Ohio-1829, ¶ 10. See, also, R.C. 2725.02 (a writ of habeas corpus shall not be allowed if it appears that the defendant is in custody due to a judgment by a court with jurisdiction to issue the judgment). Yet, the claimed lack of jurisdiction must be patent and unambiguous. Ross v. Saros,99 Ohio St.3d 412, 2003-Ohio-4128, ¶ 13-14 (a court with general subject matter jurisdiction can determine its own jurisdiction, which decision a party can then challenge by way of the adequate remedy of appeal).
¶{30} Here, there is no indication that the trial court patently and unambiguously lacked jurisdiction for purposes of habeas. Appellant claims that he should not have been convicted of the failure to register charges and thus he should not have been imprisoned for those offenses or for the parole revocation which resulted from the failure to register convictions. He urges that the failure to register *Page 9 
convictions are invalid because he was not required to register under R.C. 2950.04 and thus the corresponding element of the failure to register offense is lacking.
¶{31} This cited statute states that an offender is subject to registration with the sheriff regardless of when the sexually oriented offense was committed, where the offender was sentenced for the sexually oriented offense to a prison term and where on or after July 1, 1997, the offender was released in any manner from the prison term. R.C. 2950.04(A)(1)(a). Whether appellant was released from a prison term on a sexually oriented offense on or after July 1, 1997 partly entails a discussion of whether he was reincarcerated for the 1983 rape after parole violations in 1991. It also partly entails a discussion of why he was returned to prison in March 2000 and whether his July 2004 release involved parole, at least in part, on the rape conviction. These are factual questions that dispute the existence of an element of the offense of failure to register. Appellant's claim revolves around a regular legal error (actually an alleged error) subject to regular remedies. That is, his claim that his convictions for failure to register are invalid deals with background elements which a state must prove in seeking conviction (but which the state was not required to prove here due to his guilty pleas).
¶{32} It is well-established that claims of insufficient evidence or ineffective assistance of counsel cannot be raised in habeas as they are not jurisdictional and could have been remedied by an appeal or other adequate remedy at law. Cornell v. Schotten (1994), 69 Ohio St.3d 466,467. See, also, Spence v. Sacks (1962), 173 Ohio St. 419. Thus, the (alleged) lack of an element of the criminal offense of failure to register or trial counsel's ineffectiveness in allowing his client to plead to a failure to register offense where he (allegedly) was not subject to registration does not deprive a court of subject matter jurisdiction to accept a guilty plea and sentence the defendant accordingly. See id. See, also, State ex rel. Fitzpatrick v. TrumbullCorr. Inst., 11th Dist. No. 2003-T-0080, 2003-Ohio-5005, ¶ 10 (validity of a guilty plea cannot form the basis of a viable habeas corpus claim).
¶{33} Here, we cannot say that the matter before us involves a patent and unambiguous lack of jurisdiction. See Ross, 99 Ohio St.3d 412
at ¶ 13-14 (a court with general subject matter jurisdiction can determine its own jurisdiction, which decision a *Page 10 
party can then challenge by way of the adequate remedy of appeal). The Summit County Common Pleas Court had general subject matter jurisdiction to enter a sentence for a statutorily defined crime upon which appellant was indicted and to which appellant pled guilty. Whether the state could have established appellant's guilt for the offense or whether appellant's decision to plead guilty was a wise one are not matters for habeas. Hence, the trial court properly dismissed the habeas petition on this basis.
¶{34} Regardless, as set forth below, the court also properly found that appellant failed to attach all papers that caused his commitment.
 ASSIGNMENT OF ERROR NUMBER TWO ¶{35} Appellant's second assignment of error provides:
¶{36} "THE LOWER COURT ERRED WHEN IT DISMISSED PETITIONER-APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO ATTACH COMMITMENT PAPERS."
¶{37} Appellant takes issue here with the trial court's finding that he failed to attach all relevant commitment papers necessary for a full understanding of the petition. He urges that his petition revolved around the improper 2005 conviction for failure to register a change of address, and thus, that judgment was the necessary one.
¶{38} R.C. 2725.04(D) provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
¶{39} A habeas petition is fatally defective if a defendant fails to attach all of his pertinent commitment papers. Tisdale v. Eberlin,114 Ohio St.3d 201, 2007-Ohio-3833, ¶ 6 (where defendant claimed speedy trial violation and attached papers from his Columbiana County conviction but not the papers from his Jefferson County conviction where he was being held on both); State ex rel. Johnson v. Ohio Dept. ofRehab. Corr. (2002), 95 Ohio St.3d 70, 71 (underlying entry resulting in confinement required, not just parole board's decision to maintain inmate in prison). Here, appellant was imprisoned at the time of his petition for various reasons. *Page 11 
 ¶{40} Although appellant's main complaint revolved around the invalidity of the December 2005 conviction and sentence (which spurred the parole violations on multiple other offenses), he was no longer being held on the failure to register offenses themselves. Rather, he was being held on those multiple other offenses whose sentences were reinstated after the latest parole violation, each one being a separate cause of his confinement. As such, all relevant commitment papers, including sentencing entries and parole revocation documents, should have been attached to his petition. As there was no indication that he could not have procured the documents without impairing the efficiency of the remedy, the trial court did not err in finding that his petition was deficient for a failure to attach all relevant commitment papers under R.C. 2925.04(D).
¶{41} For the foregoing reasons, appellant is not entitled to a writ of habeas corpus, and the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1