[Cite as *State v. Gutierrez*, 2017-Ohio-1147.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| OMAR OSUALDO GUTIERREZ | : | Case No. 16 CAA 07 0030 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 12 CRI 10 0376


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  March 28, 2017


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

BRIAN J. WALTER                        FRANCISCO E. LÜTTECKE
140 North Sandusky Street              250 East Broad Street
Delaware, OH  43015                    Suite 1400
                                       Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Omar Osualdo Gutierrez, appeals the June 14, 2016 judgment of the Court of Common Pleas of Delaware County, Ohio, denying his motion to dismiss his criminal charges.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 8, 2011, appellant was charged in federal court with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C).   Specifically, appellant was charged with conspiring to distribute and possess with intent to distribute heroin and cocaine within the southern district of Ohio and elsewhere between January 1, 2006, and September 12, 2011.  Appellant pled guilty on the same day pursuant to a cooperation agreement with the federal government, wherein appellant would exchange information and become a witness for a lesser sentence.  Appellant was released on bond.

{¶ 3}   On October 5, 2012, the Delaware County Grand Jury indicted appellant on one count of possession of cocaine and one count of complicity to trafficking in cocaine in violation of R.C. 2925.11 and R.C. 2925.03/2923.03, both with major drug offender specifications.   The indictment alleged appellant committed the offenses on or about September 27, 2012.   The major drug offender specification carried a mandatory maximum sentence of eleven years.

{¶ 4}   Over the next two and one-half years as appellant cooperated with the federal government, both federal and state agents worked on resolving both cases to everyone's satisfaction.  Several defense attorneys and federal and state prosecutors and judges were involved in the ongoing negotiations.  Purportedly, the state of Ohio was

under the belief that appellant would cooperate with the federal government and then receive a lengthy federal sentence and face deportation.

{¶ 5}   On May 15, 2015, the federal court formally accepted appellant's November 8, 2011 plea.[1]  Following a change of defense counsel, the assignment of a new judge, and several continuances, appellant withdrew his guilty plea and pled to a lesser included offense on January 7, 2016.  According to his superseding plea agreement, appellant agreed that his advisory guideline sentence should be calculated on 3 kilograms of heroin and 15 kilograms of cocaine with a base offense level of 34.  According to a second revised presentence investigation report dated February 1, 2016, appellant was accountable for 1 kilogram of heroin and 12.5 kilograms of cocaine which is the equivalent of 3,500 kilograms of marijuana for sentencing purposes.  Under the federal sentencing guidelines, offenses involving at least 3,000 but less than 10,000 kilograms of marijuana have a base offense level of 32.  Based on a total offense level of 32, without mitigating factors, the advisory guideline provision on sentencing was between 135 and 168 months in prison.

{¶ 6}   A sentencing hearing was held in federal court on February 26, 2016.  By the Judgment in a Criminal Case filed March 2, 2016, the federal court sentenced appellant to time served as of February 29, 2016 (41 months), as well as five years of supervised release.

---

[1]Appellant's brief indicates the plea was not accepted by the federal court until May of 2015.  We find nothing in the record to support the date.  Appellee does not dispute the time frame.  We accept the date.  The filing in May 2015 of the November 8, 2011 plea has no bearing on the issues presented.

{¶ 7}   On May 25, 2016, appellant filed a motion to dismiss with the state court, claiming R.C. 2925.50 barred his prosecution in the state of Ohio.  By judgment entry filed June 14, 2016, the trial court denied the motion, first stating it was unable to grant a pretrial dismissal of criminal charges, but then finding R.C. 2925.50 did not apply because appellant in his federal case was not prosecuted for, convicted of, or sentenced for the offenses in the state case.

{¶ 8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 9}   "THE TRIAL COURT ERRED WHEN IT RULED THAT IT WAS PROCEDURALLY BARRED FROM RULING ON MR. GUTIERREZ'S MOTION TO DISMISS."

II

{¶ 10} "REVISED CODE 2925.50 BARS THE STATE OF OHIO FROM PROSECUTING A DEFENDANT FOR CONDUCT WHICH FORMED PART OF A FEDERAL CONVICTION AND SENTENCE."

I

{¶ 11} In his first assignment of error, appellant claims the trial court erred when it ruled it was procedurally barred from ruling on the motion to dismiss.  We disagree.

{¶ 12} In its judgment entry filed June 14, 2016, the trial court began by saying it was unable to grant the motion to dismiss because "Ohio law does not allow accused persons to seek dismissal of criminal charges before trial," and cited a long list of cases in support, none of which refer to a double jeopardy issue and/or the application of R.C.

2925.50. However, the trial court then proceeded to address the merits of the motion and denied the motion to dismiss.

{¶ 13} Appellant argues the trial court's initial assertion that it could not address the motion is incorrect because trial courts may grant pretrial motions to dismiss on double jeopardy grounds and in support, cites the case of *State v. Anderson,* 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23. In *Anderson* at ¶ 60, the Supreme Court of Ohio unanimously held the following:

> Having determined that an order denying a motion to dismiss on double-jeopardy grounds denies a "provisional remedy" as that term is defined in the statute, that the order in effect determines the action with respect to the provisional remedy, and that the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action, we hold that the order is a final, appealable order.

{¶ 14} In its brief at 3, appellee agrees, as do we, that the trial court's dismissal of appellant's motion to dismiss is a final appealable order and *Anderson* controls.

{¶ 15} The trial court first posits that it was unable to grant the motion to dismiss on procedural grounds. We find the trial court did deny the motion to dismiss when after a discussion of the merits, it stated: "For the reasons explained above, the defendant's motion to dismiss is denied."

{¶ 16} Based upon this conclusion, we find the trial court ruled on the substantive issues which are properly before this court for review on a final appealable order pursuant to *Anderson.*

{¶ 17} Assignment of Error I is denied.

II

{¶ 18} In the second assignment of error, appellant claims the trial court erred in denying the motion to dismiss because R.C. 2925.50 bars the state from prosecuting him for conduct which formed part of a federal conviction and sentence. We disagree.

{¶ 19} R.C. 2925.50 states: "If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state." " 'Federal drug abuse control laws' means the 'Comprehensive Drug Abuse Prevention and Control Act of 1970,' 84 Stat. 1242, 21 U.S.C. 801, as amended." R.C. 3719.01(I). It is undisputed that appellant was convicted under the federal drug abuse control laws.

{¶ 20} Appellant argues R.C. 2925.50 is applicable in this case because he was convicted under federal drug abuse control laws for the same act as charged in the state of Ohio. He argues the federal conspiracy charge included his September 27, 2012 acts in Delaware County. In support, he cites "Sealed Exhibit A" filed June 14, 2016, and urges this court to compare the federal charge with the state charges. This exhibit is a "Second Revised Presentence Investigation Report" prepared by a senior United States probation officer. Under "Part A, The Offense, Charge(s) and Conviction(s)," the report

indicates appellant pled guilty to a lesser included offense of Count One of a one-count indictment, and continues as follows:

> Count One charges that between January 1, 2006 and September 14, 2011, within the Southern District of Ohio and elsewhere, **Omar Guitierrez,** together with others, did conspire to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Notably, according to the Government, the period of time stated in the indictment should actually read "between January 1, 2006 and September 12, 2011."

{¶ 21} By the Judgment in a Criminal Case filed March 2, 2016, attached to defendant's May 25, 2016 motion to dismiss, the federal court noted appellant pled guilty to a lesser included offense of a single-count information. The federal court sentenced him on the charge of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C). The judgment specifically states the offense ended on November 8, 2011.

{¶ 22} In comparison, the October 5, 2012 indictment in the state case alleged in Count One in part that on or about September 27, 2012, appellant "did knowingly obtain, possess, or use Cocaine, a Schedule II controlled substance, in an amount equaling or exceeding 100 grams but less than 2000 grams, to wit: 1988 grams" in violation of R.C. 2925.11(A), Possession of Cocaine. Count Two alleged in part on or about September 27, 2012, appellant,

acting with the kind of culpability required for the commission of an offense, did aid or abet another in committing the offense of Trafficking in Cocaine, to wit: did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute Cocaine, a schedule II controlled substance, when OMAR OSUALDO GUTIERREZ, knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by himself or another person, the amount of Cocaine involved equaled or exceeded 100 grams but less than 2000 grams, to wit: 1988 grams

***

this being in violation of Section 2923.03(A)(2) as it relates to 2925.03(A)(2) of the Ohio Revised Code, Complicity To Trafficking In Cocaine***.

{¶ 23} Although the second revised presentence investigation report discusses, "Re-Arrest of Gutierrez on September 27, 2012," and the underlying facts, the May 2, 2016 Judgment in a Criminal Case very clearly states the offense ended on November 8, 2011. There is no indication in the record that appellant was convicted in federal court under the federal drug abuse control laws for the same acts as those charged in the state of Ohio. The state offenses resulted from acts that took place on or about September 27, 2012, one year after the latest date covered by the federal indictment (January 1, 2006, to September 14, 2011) and ten months after the "offense ended date" (November 8, 2011) listed in the federal court's Judgment in a Criminal Case.

{¶ 24} In his June 13, 2016 reply memorandum in support of his motion to dismiss, appellant argued his federal plea agreement "took into account not only the time frame set forth in the indictment," but also his acts committed "in or about September 2012." Attached to the reply memorandum is appellant's "Superseding Plea Agreement."[2] Appellant argued in the agreement at ¶ 5(a)(1) and (2), the United States Attorney for the Eastern District of New York ("Office") agreed to the following:

5. The Office agrees that:

a. no further criminal charges will be brought against the defendant for:

1. conspiracy to possess with intent to distribute heroin and cocaine and possession with intent to distribute heroin and cocaine, all from the period between January 1, 2007 and September 14, 2011;

2. conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in or about September 2012;

{¶ 25} We find this paragraph does not establish that appellant was "convicted" under the federal drug abuse control laws for the "same act" because the language can

---

[2]We note this agreement is not dated and is unsigned because appellant likely retrieved the document via the electronic federal court docket (PACER). Appellant's Brief at 1. Appellant urges this court to take judicial notice of the document under Evid.R. 201(A)-(C) and (F), and appellee has not objected. We will take judicial notice of this document, although we find the better practice would have been to obtain a certified copy of the document or file an affidavit along with the document attesting to its origination. We also note the transcript of the January 7, 2016 plea hearing in federal court has not been provided for our review, which renders us unable to review the agreement within the context of a discussion between the parties.

be read as the U.S. Attorney agreeing not to bring criminal charges against appellant for his state acts under the dual sovereignty doctrine: "[A] defendant may be subjected to successive trials at both the state and federal levels for the same act or offense." *State v. McKinney,* 80 Ohio App.3d 470, 473, 609 N.E.2d 613 (2d Dist.1992). We note ¶ 7 of the Superseding Plea Agreement states: "This agreement does not bind any federal, state, or local prosecuting authority other than the Office* * *."

{¶ 26} Appellant argues the following in his brief at 15:

> In using the 2012 Delaware transaction as relevant conduct in sentencing, the federal court found by a preponderance of the evidence that Mr. Gutierrez was responsible, and thus guilty of, the criminal conduct that took place in Delaware County in 2012. Because that conduct was used to sentence Mr. Gutierrez, he was sentenced for that conduct, fulfilling the definition of "conviction" in Ohio: a finding of guilt and an accompanying sentence.

{¶ 27} Although "preponderance of the evidence" may be the applicable degree of proof for purposes of determining "relevant conduct," it has no bearing on criminal liability because "beyond a reasonable doubt" is the applicable degree of proof to establish guilt in criminal cases.

{¶ 28} "Conviction" is defined as: "In a general sense, the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." *Black's Law Dictionary* 333 (6th Ed.1990). Fed.R.Crim.P. 32(k) governs judgment and states in

pertinent part: "In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence.* * *The judge must sign the judgment, and the clerk must enter it."   Similarly, Ohio Crim.R. 32(C) governs judgment and states in pertinent part: "A judgment of conviction shall set forth the fact of conviction and the sentence.* * *The judge shall sign the judgment and the clerk shall enter it on the journal.  A judgment is effective only when entered on the journal by the clerk."   In *State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204*, 958 N.E.2d 142, paragraph one the syllabus, the Supreme Court of Ohio held:

A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  (Crim.R.32(C), explained; *State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163,* modified.)

{¶ 29} "Relevant conduct" is defined in 18 U.S.C.S. app. 1B1.3 as follows:

**(a) Chapters Two (Offense Conduct) and Three (Adjustments).** Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

**(1)(A)** all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

**(B)** in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were- -

**(i)** within the scope of the jointly undertaken criminal activity,

**(ii)** in furtherance of that criminal activity, and

**(iii)** reasonably foreseeable in connection with that criminal activity;

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

**(2)** solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

**(3)** all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and

**(4)** any other information specified in the applicable guideline.

{¶ 30} Commentary Application Note 1 to the statute states the following:

**1. Sentencing Accountability and Criminal Liability.**--The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.

{¶ 31} Based upon this application note, it would seem the U.S. Congress, in enacting 18 U.S.C.S. app. 1B1.3, intended for sentencing accountability to be broader in scope than criminal liability. The use of "relevant conduct" in sentencing appellant in federal court is not synonymous with "convicting" him of the September 2012 state acts in federal court. Although the federal court included the September 2012 cocaine amount in its offense level computation as set forth in Sealed Exhibit A at ¶ 9, 10, and 31, the added amount did not affect the base offense level of 32.[3] Subtracting the 2.5 kilograms of cocaine associated with the state's case would leave the equivalent of 3,000 kilograms of marijuana which is the minimum amount for a base offense level of 32. Sealed Exhibit A, ¶ 9, 10, and 16. *See, Witte v. United States,* 515 U.S. 389, 398 and 406, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("we specifically have rejected the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime" and "consideration of

---

[3]We note ¶ 9 mentions "Illinois" and we accept appellant's argument in his brief at 9 that it should read "Ohio."

relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute punishment for that conduct.)[4]

{¶ 32} Based on the definition of "conviction" in relation to the use of relevant conduct for federal sentencing purposes, we do not find appellant was "convicted" under the federal drug abuse control laws for the "same act" committed in Ohio in September 2012 under the facts of this case. We find appellant's acts in Ohio were committed separately and with a different motivation than his 2011 charged acts in federal court.

{¶ 33} As appellant succinctly states in his brief at 17: "Its [R.C. 2925.50] application hinges on whether the federal sentencing practice of considering 'relevant conduct' uncharged in an information or indictment, but used to calculate a final sentence, fulfills the 'conviction or acquittal' and 'same act' requirements of the statute." For the reasons cited above, we find R.C. 2925.50 does not apply to the facts of this case.

{¶ 34} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶ 35} Assignment of Error II is denied.

---

[4] We acknowledge the *Witte* case involved a pure double jeopardy analysis, but find it is relevant to the analysis sub judice.

{¶ 36} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle J.

Delaney, P.J. and

Wise, John, J. concur.


EEW/sg