[Cite as *Gutierrez v. Gray*, 2024-Ohio-2128.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

OMAR O. GUTIERREZ,

Petitioner,

v.

DAVID W. GRAY, WARDEN

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0037**

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

Omar O. Gutierrez, *Pro se*, Petitioner and

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Katherine E. Mullin*, Senior Assistant Attorney General, Criminal Justice Section, for Respondent.

Dated: May 31, 2024

**PER CURIAM.**

{¶1}   On August 25, 2023, Petitioner Omar O. Gutierrez (Gutierrez) filed a petition for a writ of habeas corpus alleging he is a prisoner unlawfully restrained of his liberty. Gutierrez is currently housed at Belmont Correctional Institution.  On September 22, 2023, Respondent David W. Gray, Warden for the Belmont Correctional Institution, (Respondent) filed a motion to dismiss/motion for summary judgment.  This matter is before the Court on the motion to dismiss/motion for summary judgment filed by Respondent.  For the reasons set forth herein, the motion to dismiss is granted.

Statement of Facts and Procedural History

{¶2}   On February 27, 2018, Gutierrez was sentenced in the Delaware County Court of Common Pleas following a guilty plea to two counts of trafficking in cocaine. Gutierrez was sentenced to a mandatory imprisonment term of 10 years on each count, to be served concurrently, with credit for time served of 592 days.  Accordingly, Gutierrez has not yet served the entirety of his sentence (anticipated 2026).

{¶3}   The law governing who is entitled to the issuance of a writ of habeas corpus is codified in R.C. 2725.01 as follows:  "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶4}   As this Court has previously held, "[g]enerally, the extraordinary writ remedy of habeas relief is only available when there is no adequate remedy at law." *Mosley v. Eberlin*, 7th Dist. Belmont No. 08 BE 7, 2008-Ohio-6593, ¶ 27.  "Thus, if the defendant *has or had* an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate." *Id.* Gutierrez, in fact, has pursued several such adequate remedial measures and has been rejected at every turn.

{¶5}   On March 28, 2017, a nearly identical question was answered by the Fifth District Court of Appeals.  *State v. Gutierrez*, 2017-Ohio-1147, 87 N.E.3d 812 (5th Dist.). Although this opinion was released prior to Gutierrez's conviction, the procedural history

is relevant and instructive. The Fifth District outlined the procedural posture of Gutierrez's case at that time as follows:

On November 8, 2011, appellant [Gutierrez] was charged in federal court with conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C). Specifically, appellant was charged with conspiring to distribute and possess with intent to distribute heroin and cocaine within the southern district of Ohio and elsewhere between January 1, 2006, and September 12, 2011. Appellant pled guilty on the same day pursuant to a cooperation agreement with the federal government, wherein appellant would exchange information and become a witness for a lesser sentence. Appellant was released on bond.

On October 5, 2012, the Delaware County Grand Jury indicted appellant on one count of possession of cocaine and one count of complicity to trafficking in cocaine in violation of R.C. 2925.11 and R.C. 2925.03/2923.03, both with major drug offender specifications. The indictment alleged appellant committed the offenses on or about September 27, 2012.

***

Over the next two and one-half years as appellant cooperated with the federal government, both federal and state agents worked on resolving both cases to everyone's satisfaction. Several defense attorneys and federal and state prosecutors and judges were involved in the ongoing negotiations. Purportedly, the state of Ohio was under the belief that appellant would cooperate with the federal government and then receive a lengthy federal sentence and face deportation.

On May 15, 2015, the federal court formally accepted appellant's November 8, 2011 plea. Following a change of defense counsel, the

assignment of a new judge, and several continuances, appellant withdrew his guilty plea and pled to a lesser included offense on January 7, 2016.

\*\*\*

A sentencing hearing was held in federal court on February 26, 2016. By the Judgment in a Criminal Case filed March 2, 2016, the federal court sentenced appellant to time served as of February 29, 2016 (41 months), as well as five years of supervised release.

On May 25, 2015, appellant filed a motion to dismiss with the state court, claiming R.C. 2925.50 barred his prosecution in the state of Ohio. By judgment entry filed June 14, 2016, the trial court denied the motion, first stating it was unable to grant a pretrial dismissal of criminal charges, but then finding R.C. 2925.50 did not apply because appellant in his federal case was not prosecuted for, convicted of, or sentenced for the offenses in the state case.

*Id.* at ¶ 2-7.  The Fifth District upheld the trial court's denial of the motion to dismiss.

**{¶6}**   R.C. 2925.50 provides as follows: "If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state."

**{¶7}**  Similar to the arguments presented here as a habeas action, Gutierrez claimed R.C. 2925.50 prohibited the state prosecution in Delaware County.

Appellant argues R.C. 2925.50 is applicable in this case because he was convicted under federal drug abuse control laws for the same act as charged in the state of Ohio.  He argues the federal conspiracy charge included his September 27, 2012 acts in Delaware County.  In support, he cites "Sealed Exhibit A" filed June 14, 2016, and urges this court to compare the federal charge with the state charges.  This exhibit is a "Second Revised Presentence Investigation Report" prepared by a senior United States probation officer.  Under "Part A, The Offenses, Charge(s) and

Case No. 23 BE 0037

Conviction(s)," the report indicates appellant pled guilty to a lesser included offense of Count One of a one-count indictment, and continues as follows:

Count One charges that between January 1, 2006 and September 14, 2011, within the Southern District of Ohio and elsewhere, Omar Gutierrez, together with others, did conspire to distribute and possess with intent to distribute heroin and cocaine, ***. Notably, according to the Government, the period of time stated in the indictment should actually read "between January 1, 2006 and September 12, 2011."

By the Judgment in a Criminal Case filed March 2, 2016, attached to defendant's May 25, 2016 motion to dismiss, the federal court noted appellant pled guilty to a lesser included offense of a single-count information. The federal court sentenced him on the charge of conspiracy to distribute and possess with intent to distribute heroin and cocaine ***. The judgment specifically states the offense ended on November 8, 2011.

***

Although the second revised presentence investigation report discusses, "Re-Arrest of Gutierrez on September 27, 2012"," and the underlying facts, the May 2, 2016 [sic] Judgment in a Criminal Case very clearly states the offense ended on November 8, 2011. There is no indication in the record that appellant was convicted in federal court under the federal drug abuse control laws for the same acts as those charged in the state of Ohio. The state offenses resulted from acts that took place on or about September 27, 2012, one year after the latest date covered by the federal indictment (January 1, 2006, to September 14, 2011) and ten months after the "offense ended date (November 8, 2011) listed in the federal court's Judgment in a Criminal Case.

*Id.* at ¶ 20-23.

{¶8} Following the Fifth District's opinion, on January 31, 2018, Gutierrez entered a plea of guilty to two counts of trafficking in cocaine, felonies of the first degree. On

February 27, 2018, the Delaware County Court of Common Pleas sentenced Gutierrez to 10 years on each count to be served concurrently. Although Gutierrez filed an appeal from that conviction, the appeal was dismissed.

## Res Judicata

**{¶9}** Gutierrez also filed a petition for habeas in the United States District Court for the Southern District of Ohio. *Gutierrez v. Warden, Belmont Correctional Institution*, 2019 WL 1454803 (April 2, 2019). The federal district court dismissed the habeas action stating, "Petitioner argues that his convictions pursuant to his guilty plea in the Delaware County Court of Common Pleas on possession of cocaine and complicity to trafficking in cocaine violate the Double Jeopardy Clause and Ohio law because he pleaded guilty in federal court and has already been punished on federal charges involving these same acts. *** Petitioner's claim regarding errors in the application of State law does not provide him relief. 28 U.S.C. §2254(a). Further, the Double Jeopardy Clause does not bar his successive prosecutions by the State and federal government for crimes arising out of the same acts. *See United States v. Rivera*, 86 F.App'x 922, 923 (6th Cir.2004) (citing *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985))." *Id.* at *1.

**{¶10}** Gutierrez appealed that decision to the Sixth Circuit Court of Appeals. *Gutierrez v. Gray*, 2019 WL 6445420 (October 23, 2019). The federal appellate court upheld the dismissal of the federal habeas action stating, "Gutierrez has not made a substantial showing of the denial of a constitutional right. *** Reasonable jurists would not debate the district court's determination that Gutierrez's claims are not cognizable on federal habeas review because they both assert violations of state law. *** The district court also determined that, to the extent Gutierrez preserved a federal claim that his successive state prosecution violated the Fifth Amendment's Double Jeopardy Clause, such a claim was meritless. Reasonable jurists would not debate that conclusion. Pursuant to the 'dual sovereignty doctrine,' the double jeopardy clause 'does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense.' " *Id.* at *2-3.

**{¶11}** In the habeas action at bar, Gutierrez revisits his legal arguments set forth in his original habeas action presented to and dismissed by the district court and upheld

by the Sixth Circuit Court of Appeals. In addition, these same arguments were presented to and rejected by the Fifth District Court of Appeals following the denial of the motion to dismiss. As such, the habeas action here is barred by res judicata. "Res judicata applies to successive habeas corpus petitions because habeas corpus petitioners can appeal adverse judgments on habeas corpus cases." *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 10.

<u>Motion to Dismiss/Motion for Summary Judgment</u>

**{¶12}** "Generally habeas corpus will lie only to challenge the jurisdiction of the sentencing court." *Sevayega v. Bobby*, 7th Dist. No. 03 MA 48, 2003-Ohio-6395, ¶ 6. R.C. 2725.05 provides, "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed."

**{¶13}** Gutierrez's challenge to the sentencing court (Delaware County Court of Common Pleas) arises from his interpretation of R.C. 2925.50. This challenge was raised and rejected on appeal to the Fifth District Court of Appeals prior to Gutierrez's conviction. Arguably, this challenge could have been revisited in the direct appeal of his criminal conviction. That direct appeal was dismissed. However, this was an adequate legal remedy.

**{¶14}** As previously stated herein, "*** if the defendant *has or had* an adequate remedy in the ordinary course of the law such as an appeal, delayed appeal, petition for post-conviction relief, motion for relief from a civil judgment, or motion to withdraw a guilty plea, then habeas is inappropriate." *Mosley, supra* at ¶ 27. "Regardless of whether they were ever actually raised, where claims are based on the same nucleus of facts, res judicata prevents the petitioner from raising alternative legal theories overlooked in the previous proceeding." *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶ 7.

**{¶15}** "[A] petitioner is not entitled to relief via habeas corpus unless his maximum sentence has expired and the petitioner is being held unlawfully." *Id.*, ¶ 16. Gutierrez has not yet served the maximum period of incarceration to which he was sentenced.

<u>Case No. 23 BE 0037</u>

**{¶16}** Therefore, there is no claim for habeas corpus under these circumstances. In addition, Gutierrez had an adequate remedy at law and took advantage of the same. Accordingly, the claim for a writ of habeas corpus is barred by res judicata.

### *State v. Nickelson*

**{¶17}** Gutierrez urges this Court to apply *State v. Nickelson*, 2020-Ohio-1149, 152 N.E.3d 1288 (7th Dist.), to the scenario here. However, *Nickelson* is neither applicable nor comparable to the facts underlying Gutierrez's convictions.

> On November 3, 2015, [Nickelson] was indicted in the United States District Court, Northern District of West Virginia for conspiracy to distribute and possess with the intent to distribute oxycodone 'beginning by at least 2011, the exact date being unknown to the Grand Jury, and continuing to in [sic] or about October 2015, in Ohio County, within the Northern District of West Virginia, and elsewhere' ***.
>
> Two days later, on November 5, 2015, Appellant was indicted in Belmont County for two counts of drug trafficking, cocaine in count one and oxycodone in count two, 'on or about October 14-15, 2015,' ***.

*Id.* at ¶ 7-8.

**{¶18}** As previously recited herein, R.C. 2925.50 provides: "If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state."

**{¶19}** In *Nickelson*, this Court held R.C. 2925.50 indeed applied as a bar to the prosecution of Nickelson in Ohio. "Because both counts of the state indictment charged [Nickelson] with trafficking drugs on October 14, 2015, they are based on the 'same act' for which [Nickelson] was convicted in federal court." *Id.* at ¶ 37. Accordingly, this Court held "*** the phrase 'same act' means 'same conduct,' and, therefore, the state prosecution based on [Nickelson's] conduct on October 14, 2015 was barred." *Id.* at ¶ 41.

**{¶20}** In contrast, Gutierrez was convicted in federal court for an offense dated November 8, 2011. "By the Judgment in a Criminal Case filed March 2, 2016, attached to defendant's May 25, 2016 motion to dismiss, the federal court noted appellant pled guilty to a lesser included offense of a single-count information. The federal court sentenced him on the charge of conspiracy to distribute and possess with intent to distribute heroin and cocaine ***. The judgment specifically states the offense ended on **November 8, 2011**." *Gutierrez*, 2017-Ohio-1147, at ¶ 21 (Emphasis added).

**{¶21}** This Court agrees with the Fifth District, "[t]here is no indication in the record that appellant was convicted in federal court under the federal drug abuse control laws for the same acts as those charged in the state of Ohio. The state offenses resulted from acts that took place on or about September 27, 2012, **one year after the latest date covered by the federal indictment (January 1, 2006, to September 14, 2011) and ten months after the "offense ended date (November 8, 2011) listed in the federal court's Judgment in a Criminal Case."** *Id.* at ¶ 23 (Emphasis added). Unlike *Nickelson*, where the dates of the acts underlying the offenses were identical in month and year and arguably identical on the days, the acts underlying Gutierrez's federal and state convictions are nearly a year apart.

**{¶22}** Furthermore, when Gutierrez committed the state acts in question, he was released on bond from the federal court in order to facilitate his cooperation in an ongoing federal investigation. This does not provide an unfettered license to commit additional acts of drug trafficking, state or federal. Accordingly, the Court finds R.C. 2925.50 is not a bar to Gutierrez's state conviction as that conviction was not based on the same act as the act underlying the federal conviction.

## Conclusion

**{¶23}** Accordingly, the Court finds Gutierrez is not entitled to habeas relief as his maximum sentence has not yet been served and he is not being held unlawfully. In addition, the Court finds the habeas corpus action herein is barred by res judicata. Therefore, the motion to dismiss filed by Respondent is GRANTED. The habeas corpus action filed by Petitioner Gutierrez is hereby DISMISSED. Costs to be paid by Gutierrez. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**