[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16760
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00090-KD-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERANCE MARTEZ GAMBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 28, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Terance Martez Gamble appeals his conviction for possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Gamble argues that the

district court erred by determining that double jeopardy did not prohibit the federal government from prosecuting Gamble for the same conduct for which he had been prosecuted and sentenced for by the State of Alabama.

We review *de novo*, as a pure question of law, any possible violation of the Double Jeopardy Clause. *United States v. McIntosh*, 580 F.3d 1222, 1226 (11th Cir. 2009).

The Supreme Court has determined that prosecution in federal and state court for the same conduct does not violate the Double Jeopardy Clause because the state and federal governments are separate sovereigns. *Abbate v. United States*, 359 U.S. 187, 195, 79 S. Ct. 666 (1959). We have followed the precedent set by *Abbate* in *Hayes*, stating that unless and until the Supreme Court overturns *Abbate*, the double jeopardy claim must fail based on the dual sovereignty doctrine. *United States v. Hayes*, 589 F.2d 811, 817-18 (5th Cir. 1979). We have, more recently, stated that "[t]he Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct." *United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004).

In *Sanchez-Valle*, the Supreme Court stated that the states were separate sovereigns from the federal government because the States rely on authority originally belonging to them before admission to the Union and preserved to them

2

by the Tenth Amendment. *Puerto Rico v. Sanchez-Valle*, 579 U.S. __, __, 136 S. Ct. 1863, 1871 (2016). It explained that prior to forming the Union, the States possessed separate and independent sources of power and authority, which they continue to draw upon in enacting and enforcing criminal laws. *Id.* State prosecutions therefore have their most ancient roots in an "inherent sovereignty" unconnected to, and indeed pre-existing, the U.S. Congress. *Id.* The Supreme Court differentiated Puerto Rico from the States, stating that it was not a sovereign distinct from the United States because it had derived its authority from the U.S. Congress. *Id.* at 1873-74. It concluded that the Double Jeopardy Clause bars both Puerto Rico and the United States from prosecuting a single person for the same conduct under equivalent criminal laws. *Id.* at 1876.

The district court did not err by determining that double jeopardy did not prohibit the federal government from prosecuting Gamble for the same conduct for which he had been prosecuted and sentenced for by the State of Alabama, because based on Supreme Court precedent, dual sovereignty allows a state government and the federal government to prosecute an individual for the same crime, when the States rely on authority originally belonging to them before admission to the Union and preserved to them by the Tenth Amendment. Accordingly, we affirm.

**AFFIRMED.**

3