# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID KEITH WILLS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-390-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

David Keith Wills is presently awaiting trial in federal district court on one count of aiding and abetting the trafficking of a person under the age of 14 and one count of conspiring to traffic a person under the age of 14 for commercial sex acts. Wills moved to dismiss the charges on the grounds that he was being subjected to punishment in federal court for the same actions for which he was punished in state court, in violation of the Double Jeopardy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40234

Clause.  Although he had not been tried in state court, Wills argued that he was punished by onerous state bond conditions that treated him as a convicted sex offender.  The district court denied the motion based on the dual sovereignty doctrine.  Wills now seeks interlocutory review and reurges the arguments presented to the district court.

Under the collateral order doctrine, this court has jurisdiction to consider an interlocutory appeal from the denial of a motion to dismiss on double jeopardy grounds. *United States v. Rabhan*, 628 F.3d 200, 203 (5th Cir. 2010). This court reviews the denial of such a motion de novo and accepts as true the district court's underlying factual findings unless clearly erroneous. *United States v. Hoeffner*, 626 F.3d 857, 863 (5th Cir. 2010).

The Double Jeopardy Clause protects against a second prosecution for the same offense after conviction or acquittal and, as relevant here, against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  Under the dual sovereignty doctrine, two different sovereigns may prosecute and punish a person for a single act that violates their respective laws without violating the Clause. *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992).  Even if the state bond conditions constitute punishment, an issue we do not reach, the dual sovereignty doctrine nevertheless bars Wills' double jeopardy claim. *See United States v. Angleton*, 314 F.3d 767, 771 (5th Cir. 2002).

As Wills notes, the Supreme Court granted certiorari in *United States v. Gamble*, 694 F. App'x 750 (11th Cir. 2017), *petition for cert. granted* (June 28, 2018) (No. 17-646), to consider whether the dual sovereignty doctrine should be overruled.  However, this court is obligated to apply its precedent even though certiorari has been granted. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).  We therefore decline Wills' invitation to stay

No. 18-40234

this appeal pending a decision in *Gamble.* *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, we AFFIRM the district court's denial of Wills' motion to dismiss the indictment on double jeopardy grounds.