[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12851
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20088-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KERRICK D. REESE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2019)

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Kerrick Reese appeals his conviction for possessing a gun as a convicted felon. He pleaded guilty, and, in doing so, agreed to an upward variance in his sentence in exchange for the State of Florida agreeing to dismiss the pending charges against him for the same offense. He now argues that his plea was not made voluntarily and knowingly because it was based on an "illusory promise" that could not "serve as consideration" for his plea agreement, in light of the Supreme Court's grant of certiorari in a case to determine whether to overrule the dual-sovereignty doctrine that allowed him to be prosecuted by both the state and the federal government. However, the Supreme Court has since reaffirmed the doctrine. *See Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Accordingly, we affirm his conviction.

I.

On October 14, 2017, approximately two months after Reese was released from state prison on an earlier felony charge, police officers found Reese and his brother unconscious in a car that was parked in the center lane of highway U.S. 1. Reese was in the driver's seat, and his brother was in the passenger seat. Fire rescue attempted to contact Reese and his brother to provide medical attention and, while doing so, found an AK-47 semiautomatic firearm on the rear passenger seat as well as a sawed-off shotgun in Reese's brother's possession. When law enforcement arrived, they found a 9-mm semiautomatic firearm in the center

2

console, loaded with nine rounds of ammunition, and determined that there were six rounds of ammunition in the AK-47.

A federal grand jury then charged Reese with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1]

After pleading not guilty, Reese changed his plea to guilty pursuant to a written plea agreement.   The plea agreement contained a joint recommendation for a 72-month prison sentence (an upward variance from the advisory Guidelines range of 37 to 46 months).  It also explained the application of the Sentencing Guidelines, the maximum penalties that Reese faced, the government's agreement to recommend a downward adjustment for acceptance of responsibility, and Reese's agreement to cooperate and forfeit certain items.  Notably, Reese agreed to the upward variance in exchange for a separate, bargained-for dismissal of the parallel state charges against him that arose from the same situation.[2]

---

[1] "It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

[2] The promise to dismiss the state charges was an agreement between Reese and the State of Florida, but the state was not a party to the federal plea agreement in this case.  The state charges against Reese carried a ten-year mandatory minimum.  The federal charge carried a statutory maximum term of ten years' imprisonment, three years of supervised release, a fine of up to $250,000, and forfeiture.

At Reese's change-of-plea hearing on April 5, 2018, the magistrate judge said, "I have to ask you a series of questions so that we confirm and make sure that you are changing your plea knowingly and voluntarily and that you understand the consequences." The magistrate judge explained the trial rights that Reese was giving up by pleading guilty and confirmed that Reese understood. The magistrate judge also detailed each portion of the plea agreement Reese had signed and confirmed that Reese understood what he had agreed to. The magistrate judge also confirmed that Reese: knew that he was under oath and could be subject to the penalties of perjury if he did not answer truthfully, consented to the magistrate judge having jurisdiction over the change-of-plea hearing, had conferred to his satisfaction with his counsel before changing his plea, had reviewed, signed, and agreed to the plea agreement, and was changing his plea of his own will, free of coercion and threats. The magistrate judge also confirmed that Reese understood the application of the Sentencing Guidelines, that the recommendations of the parties were not binding on the district court, and that he could not withdraw his plea if the district court imposed a sentence different from the one he anticipated.

Through counsel, Reese stated that, despite it not being in the plea agreement itself, the parties had agreed "that were the court to agree with our joint recommendation and sentence [Reese] to 72 months, the parallel charge in the

4

state . . . will be dismissed. That's the basis for that agreement." In response, the government stated:

> Your Honor, to let the court know, that's my understanding as well. Of course that doesn't have to do with our office. So obviously it's—you know, the United States is not making any promises as to what's going to happen with the state case, but we do acknowledge that there's been an agreement with the state.

Defense counsel stated that the state case was pending trial at the time of the change-of-plea hearing. The magistrate judge ensured that the record reflected that the agreement between the parties to recommend a 72-month prison sentence was in reliance on dismissal of the state charge.

The magistrate judge found that Reese was fully competent and his plea was knowing and voluntary. The magistrate judge stated that he would recommend that Reese's guilty plea be accepted and did so in a Report & Recommendation, to which neither party objected. The district court adopted the recommendation and accepted Reese's guilty plea.

At sentencing, the district court asked why the parties had agreed to a sentence that was above the advisory Sentencing Guidelines range. The government answered that the upward variance was justified because, only two months after being released from state prison, Reese was found passed out in a car that was stopped in the center lane of a highway. Three firearms were found in the vehicle: a loaded AK-47 in the backseat, a sawed-off shotgun resting in between

5

the brother's legs in the passenger seat, and a loaded firearm in the center console. The government argued that, overall, the seriousness of the situation warranted an upward variance. Reese's counsel also added that the parallel state case would be dismissed if Reese were sentenced to 72 months in prison, and the dismissal of the state charge was "the benefit that Mr. Reese is hoping to obtain, and it is my job, [after sentencing], to make sure I coordinate with the state public defender to make sure that occurs." The government confirmed that "the state . . . understood that if we were going to be able to get an upward variance of 72 months, that they were going to [dismiss Reese's case]."

The district court, in announcing the sentence, noted that the 72-month sentence was an upward variance, "based on the circumstances of this case, and the resolution of a parallel state court proceeding," and found the variance reasonable. The district court then sentenced Reese to 72 months' imprisonment followed by 3 years of supervised release.

## II.

Ordinarily, we review *de novo* whether a defendant's guilty plea was entered knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). However, where, as here, the defendant fails to object to an error during the plea proceedings before the district court, we review for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005)

("Constitutional objections not raised before the district court are reviewed only for plain error. Likewise, when a defendant fails to object to a Rule 11 violation, we review only for plain error." (citation omitted)). To establish plain error, the defendant bears "the burden to show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003)) (quotation marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Lejarde-Rada*, 319 F.3d at 1290) (quotation marks omitted). Whether the alleged error is plain is measured at the time of appellate review. *Henderson v. United States*, 568 U.S. 266, 268 (2013). "An error cannot meet the 'plain' requirement of the plain error rule unless it is 'clear under the current law.'" *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (quoting *United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir. 1999)).

## III.

As a threshold matter, Reese does not dispute that he knowingly and voluntarily pleaded guilty when he accepted the plea agreement on April 5, 2017. Because Reese could be subject to federal and state prosecutions under the dual-sovereignty doctrine for his possession of a gun as a convicted felon, Reese

7

admits that he knowingly and voluntarily agreed to the upward variance in sentence because he wished to receive the benefit of avoiding prosecution by the State of Florida.[3]

However, approximately two weeks after Reese was sentenced, the Supreme Court granted a writ of certiorari in an Eleventh Circuit case applying the dual-sovereignty doctrine. *See United States v. Gamble*, 694 F. App'x 750 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 2707 (June 28, 2018) (No. 17–646).

Reese then appealed his conviction and sentence, arguing that the grant of certiorari in *Gamble* was a signal that the dual-sovereignty doctrine would be overturned by the Supreme Court. If the Supreme Court invalidated the dual-sovereignty doctrine, Reese would "have bargained away substantial constitutional rights and his very freedom for a meaningless promise" because Florida would not have been able to prosecute him anyway. Reese argued that, if he had known the Supreme Court might overturn the dual-sovereignty doctrine, "he would never have entered a plea of guilty." Because there was a chance that the "law would be changing so that the State of Florida would be barred from prosecuting him," Reese maintained that the dismissal of state charges was an "illusory promise" and

---

[3] Although Reese discussed the dismissal of the state charges as the basis for accepting his federal plea agreement, the promise to dismiss the state charges was an agreement between Reese and the State of Florida, and the state was not a party to the federal plea agreement at issue on appeal.

8

negated any knowing and voluntary acceptance of the plea agreement. Moreover, Reese contends, the district court's failure to inform Reese that the dual-sovereignty doctrine could one day be overturned constitutes plain error because the district court "failed to ensure that [Reese] was fully aware of the direct consequences of his guilty plea."

However, on June 17, 2019, the Supreme Court, reaffirmed the dual-sovereignty doctrine:

> We have long held that a crime under one sovereign's laws is not "the same offence" as a crime under the laws of another sovereign. Under this "dual-sovereignty" doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. . . . Today we affirm that precedent, and with it the decision below.

*Gamble*, 139 S. Ct. at 1964. Thus, the "longstanding interpretation of the Double Jeopardy Clause of the Fifth Amendment" that allows parallel prosecution remains valid, so the error that Reese alleges cannot be plain. *Id.* at 1963.

Although the Supreme Court's decision in *Gamble* is fatal to Reese's appeal, the opposite is true of *Gamble*'s effect on Reese's plea deal.[4]

---

[4] We do not suggest that, had *Gamble* eliminated the dual-sovereignty doctrine, the result of this appeal would have been different. The Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), rejected the argument that a later change in the law renders a guilty plea vulnerable to attack. In *Brady*, the defendant argued that his guilty plea was rendered involuntary because he had pleaded guilty only to avoid the possible imposition of a death penalty—but the death penalty provision of the statute was later found to be unconstitutional. *Id.* at 756. In considering the voluntariness of the defendant's plea, the Court stated: "a voluntary plea of guilty

Because the federal government and the State may continue to pursue separate criminal charges against a defendant based on a single incident, *id.* at 1964, the State of Florida could still have prosecuted Reese "under state law even if the Federal Government has prosecuted him for the same" conduct. *Id.* Thus, the benefit Reese received—the promise for Florida to dismiss his state case—was not illusory.

To the extent that Reese's appeal challenges whether he was otherwise properly informed of the consequences of the guilty plea, we find no plain error by the district court. Under Rule 11 of the Federal Rules of Criminal Procedure, a district court must, among other things, inform the defendant of his rights should he plead not guilty, the nature of the charges, the potential penalties, and the court's obligation to calculate his advisory range before it can accept a guilty plea. *See* Fed. R. Crim. P. 11(b)(1). We evaluate whether a Rule 11 error has substantially affected a defendant's rights by examining Rule 11's three "core objectives," which are ensuring that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the consequences of the guilty plea. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).

---

intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757.

In order to comply with the third core objective of Rule 11, the district court was required to inform Reese of the potential penalties of pleading guilty and the rights that he gave up by pleading guilty. *See Moriarty*, 429 F.3d at 1019; *see also* Fed. R. Crim. P. 11(b)(1). The record before us supports the conclusion that Reese's plea was intelligently made. The magistrate judge asked several times during the plea colloquy whether Reese understood the consequences of his plea, and Reese stated that he did. Specifically, the magistrate asked, "So the government and the defendant are in agreement that the court may engage in an upward variance to get to the 72 months?" Reese responded that part of the reason for agreeing to the upward variance was the dismissal of the state charges. Reese said that he understood that agreement. Based on the record, we cannot say that the district court plainly erred in accepting Reese's guilty plea, which relied on dismissal of his state charges. Reese's plea was valid, and it was made voluntarily and knowingly.

Because Reese challenged only whether the decision in *Gamble* would render his guilty plea invalid, he has abandoned any other challenge to the voluntariness of his plea or the district court's Rule 11 colloquy. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (failure to raise an issue "plainly and prominently" constitutes an abandonment of the issue).

\* \* \*

11

Because Reese has not established that the district court plainly erred in

accepting his knowing and voluntary guilty plea, his conviction is **AFFIRMED.**