Markman, J.
We granted leave to appeal to consider whether, within the meaning of MCL 333.7409, defendant’s act that gave rise to a federal conviction of conspiracy to possess with intent to distribute a controlled substance was the “same act” that subsequently gave rise to the state charge of possession with intent to deliver a controlled substance (pwid).[1] The circuit court dismissed all state charges against defendant, concluding that the state was barred under § 7409 because defendant had already been convicted under federal law for the “same act.” The Court of Appeals affirmed. We reverse the judgment of the Court of Appeals because we conclude that, for purposes of § 7409, defendant’s act that gave rise to his *82 federal drug-conspiracy conviction was not the “same act” that gave rise to the state pwid charge. Accordingly, we remand this case to the circuit court for trial on all charges.
I. BACKGROUND
On August 10, 2000, federal authorities indicted defendant on multiple counts of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 USC 841 and 21 USC 846. The indictment alleged a conspiracy commencing in January 1993 and continuing through August 10, 2000. In January 2001, defendant pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine. He was sentenced on May 14, 2001.
In the meantime, on July 7, 2000, state authorities filed the instant charges against defendant. The complaint alleged that on July 6, 2000, defendant possessed with intent to deliver more than 225 grams, but less than 650 grams, of cocaine, in violation of MCL 333.7401, and that he possessed a firearm during the commission of this felony, in violation of MCL 750.227b. Defendant was bound over for trial on September 15, 2000, and on February 26, 2001, he filed a motion to dismiss the state charges. MCL 333.7409 generally precludes state prosecutions if the same act has been the predicate for a federal prosecution. Pursuant to § 7409, defendant contended that he could not be prosecuted by the state for pwid because he had already been convicted under federal law for the “same act.” His claim was that he fell within the protections of § 7409 because the federal drug-conspiracy conviction involved the same period in which the *83 PWID allegedly occurred. On March 23, 2001, the circuit court granted defendant’s motion and dismissed all state charges against him, finding that the state prosecution was barred by § 7409.
The prosecutor appealed by right, and on July 30, 2002, the Court of Appeals, in an unpublished opinion, affirmed.[2] This Court granted the prosecutor’s application for leave to appeal.[3]
H. STANDARD OF REVIEW
We review de novo a trial court’s decision that involves statutory interpretation. People v Thousand, 465 Mich 149, 156; 631 NW2d 694 (2001).
m. ANALYSIS
MCL 333.7409 provides:
If a violation of this article [the controlled-substances act] is a violation of federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state. [Emphasis added.]
We must determine whether, for purposes of § 7409, defendant’s act that gave rise to the federal drug-conspiracy conviction was the “same act” that gave rise to the state pwid charge.
An “act” is defined as, “[a] thing done; a deed.” The New Shorter Oxford English Dictionary. Thus, a court, for purposes of § 7409, must determine whether defendant’s “thing done,” or “deed,” that gave *84 rise to his federal conviction constitutes the same “thing done” or “deed” that gave rise to the state charge.[4] If it does not, then § 7409 does not operate to bar the state prosecution.
Applying this rule to this case, we conclude that the state charge did not violate the “same act” prohibition of § 7409. The “thing done” or “deed” that gave rise to the federal conspiracy conviction was the entering into an agreement to possess cocaine, whereas the “thing done” or “deed” that gave rise to the state PWID charge was defendant’s actual physical possession or control of the cocaine. Thus, because the act giving rise to each charge was different, such acts were not, for purposes of § 7409, the “same act.”
In affirming the circuit court’s decision to dismiss the charges against defendant, the Court of Appeals relied on its decision in People v Aliva (On Remand,), 229 Mich App 247, 250-251; 582 NW2d 838 (1998), in which the Court affirmed a decision of a trial court to dismiss a charge, concluding that under § 7409 such a charge arose out of the “same acts” as those that formed the basis of the federal conviction. There, as here, defendant pleaded guilty to a federal drug-conspiracy charge and then moved to have the state PWID charge dismissed. The trial court agreed with defendant and dismissed the state charges. On appeal, the Court of Appeals held that, although the federal conspiracy conviction did not constitute the “same offense” as the state PWID charge, the state pwid charge “arose out of the same acts as those that formed the basis of the federal drug conviction,” and *85 thus the state prosecution was barred by § 7409. Id. at 251.
For the same reasons we find that the Court of Appeals erred in this case, we find that the Avila Court erred. As in this case, the act or conduct that gave rise to Avila’s federal drug-conspiracy conviction was his entering into an agreement to possess drugs, whereas the act or conduct that gave rise to Avila’s state pwid charge was his physical possession or control of the drugs. Thus, because the act or conduct giving rise to each charge was different, such acts or conduct were not, for purposes of § 7409, the “same act.”
Section 7409 bars the state from prosecuting a defendant where he has already been prosecuted under federal law for the “same act,” not for the “same offense.” Therefore, it is a defendant’s actions that must be compared, not the elements of the crimes.[5]
In sum, § 7409 bars the state from prosecuting a defendant where that defendant has already been convicted under federal law for the “same act.” Accordingly, if the act that gave rise to the federal conviction is the “same act” that gave rise to the state charge, i.e., the same “thing done” or “deed,” the state prosecution is barred. However, if the act that gave rise to the federal conviction is not the “same act” that gave rise to the state charge, the state prosecution is not barred.
*86 For purposes of § 7409, defendant’s act that gave rise to his federal drug-conspiracy conviction was not the “same act” that gave rise to the state pwid charge. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for trial on all state charges.
Corrigan, C.J., and Weaver, Taylor, and Young, JJ., concurred with Markman, J.
Cavanagh, J., concurred in the result only.

 Section 7409 also bars state prosecution when defendant has been acquitted under federal law or has been acquitted or convicted under the laws of another state for the same act.

 Unpublished opinion per curiam, issued July 30, 2002 (Docket No. 234130).

 467 Mich 922 (2002).

 In making this determination, the circuit court must examine the underlying facts and circumstances of each individual case.

 Here, the act of possessing is not subsumed within the act of conspiring, nor is the act of conspiring subsumed within the act of possessing.