[Cite as *State v. Mott*, **2021-Ohio-3854.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-090

     Appellee                                 Trial Court No. 2018CR0587

v.

Noel Mott                                        **DECISION AND JUDGMENT**

     Appellant                                Decided:  October 29, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David E.
Romaker Jr. and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Noel Mott, appeals the judgment entered by the Wood County

Court of Common Pleas on December 13, 2019, denying his motion to dismiss.  For the

reasons that follow, we affirm the judgment of the trial court.

**Facts and Procedural Background**

{¶ 2} On February 7, 2019, a Wood County Grand Jury issued an indictment

against appellant, charging him with aggravated trafficking in oxycodone, in violation of

R.C. 2925.03, aggravated possession of oxycodone, in violation of R.C. 2925.11, and possession of cannabis, in violation of R.C. 2925.11. According to the indictment, the incident that formed the basis of the charges took place on November 15, 2018, in Wood County, Ohio.

{¶ 3} On February 27, 2019, a federal indictment was filed against appellant, in the United States District Court for the Northern District of Ohio. Count 1 of the indictment charged appellant with conspiracy to possess with intent to distribute, and conspiracy to distribute, fentanyl, heroin, and oxycodone. Pursuant to the indictment, the incidents that formed the bases of those charges took place "[f]rom on or about January 1, 2016 to on or about February 28, 2019," "in the Northern District of Ohio Eastern Division and elsewhere." Appellant entered a plea of guilty to Count 1 of the indictment, and to six other counts.

{¶ 4} On December 10, 2019, appellant, citing R.C. 2925.50, moved to dismiss the case that was brought by the state. The trial court, in its December 13, 2019 order, denied appellant's motion. It is from this order that appellant currently appeals.

**Assignment of Error**

{¶ 5} Appellant asserts the following as his sole assignment of error:

> I. The trial court committed error by failing to apply R.C. 2925.50, where appellant will be acquitted or convicted under federal drug laws for the same acts or conduct alleged by the state in the indictment of this matter.

2.

**Analysis**

**{¶ 6}** R.C. 2925.50 states:

> If a violation of this chapter is a violation of the federal drug abuse
> control laws, as defined in section 3719.01 of the Revised Code, a
> conviction or acquittal under the federal drug abuse control laws for the
> same act is a bar to prosecution in this state.

**{¶ 7}** Appellant's claim is essentially that his plea of guilty in the federal case requires the dismissal of the charges in the state case because: (1) the November 15, 2018 date that was specified in the state's indictment falls within the range specified in the federal indictment; and (2) both the state and federal indictments allege trafficking by the defendant in oxycodone. In rejecting this claim, the trial court stated:

> "[A]lthough Defendant has pled guilty to the federal indictment, he has not
> been convicted according to the law. Pursuant to both Ohio and Federal
> law, a defendant is not convicted until that person is sentenced, the judge
> has signed the judgment, and the clerk has entered the judgment. *State v.*
> *Ray,* 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 12, citing
> Fed.R.Crim.P. 32(k)(1) and Ohio Crim.R. 32(C); *see also State v.*
> *Gutierrez,* 2017-Ohio-1147, 87 N.E.3d 812, ¶ 28, 32 (5th Dist). Therefore,
> as Defendant has not yet been convicted in federal court, the provisions of
> R.C. 2925.50 are not applicable and Defendant's Motion to Dismiss is not
> well taken.

3.

**{¶ 8}** The trial court's order noted that appellant was "set for sentencing in federal district court on April 1, 2020. In his brief, appellant alleges that the matter was subsequently set for May 20, 2021, and that, in any case, he "will inevitably be sentenced for the acts or conduct alleged in the federal indictment." The briefs of both appellant and the state set forth arguments addressing the applicability of R.C. 2925.50 to the incidents alleged in the respective indictments. Because the record contains no evidence to suggest that appellant was ever sentenced in the federal case, we find that dismissal of appellant's motion was proper.

**{¶ 9}** For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.         _____

                                               JUDGE

Gene A. Zmuda, P.J.        

Myron C. Duhart, J.         _____
CONCUR.                                             JUDGE

                                  _____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

4.