[Cite as *State v. Mott*, 2023-Ohio-2006.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-22-037

    Appellee                                    Trial Court No.  2018CR0587

v.

Noel N. Mott                                    **DECISION AND JUDGMENT**

    Appellant                                    Decided:  June 16, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Noel Mott, appeals the May 17, 2022 judgment of the trial court

denying his motion to dismiss the February 7, 2019 indictment charging him with

aggravated trafficking in drugs, aggravated possession of drugs, and possession of

marijuana.  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On February 7, 2019, a grand jury serving the Wood County Court of Common Pleas indicted appellant on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a first-degree felony; one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c), a second-degree felony; and one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(a), a minor misdemeanor. The charges arose from an incident that occurred on November 15, 2018. On that date, appellant was stopped by a member of the Ohio Highway Patrol for a traffic violation. While conducting the stop, the trooper detected an odor of raw marijuana and removed appellant and his passenger, D.R., from the vehicle. The trooper then performed a search of the vehicle, during which marijuana and two plastic bags containing Oxycodone were discovered.

{¶ 3} Appellant was originally charged with aggravated trafficking in drugs and aggravated possession of drugs through the filing of a complaint in the Perrysburg, Ohio, Municipal Court on November 16, 2018. Appellant made his initial appearance that same day. At that appearance, the court set a $75,000 bond and scheduled his preliminary hearing for November 27, 2018. Appellant posted his bond and was released from custody later that day.

{¶ 4} Appellant's counsel entered an appearance at the preliminary hearing and requested a continuance. The court granted the continuance and the hearing was

2.

rescheduled for December 6, 2018. Following a second continuance and appellant's contemporaneous waiver of the preliminary hearing, the court then bound the matter over to the Wood County Court of Common Pleas on December 13, 2018.

{¶ 5} A grand jury indicted appellant on February 7, 2019, alleging an aggravated trafficking in drugs, aggravated possession of drugs, and possession of marijuana offense. The indictment specifically identified the conduct underlying the charged offenses as having occurred on November 15, 2018—the date of appellant's traffic stop. The indictment was assigned Wood County Court of Common Pleas case No. 2018CR0587 ("the state case"). Appellant appeared with counsel for his arraignment on February 22, 2019. At that time, he entered a not guilty plea to all three counts.

{¶ 6} On February 27, 2019, appellant was named, among twenty-two others, in an indictment issued by a federal grand jury serving the United States District Court for the Northern District of Ohio, Eastern Division. The indictment charged appellant and all of his codefendants with conspiracy to possess with intent to distribute fentanyl, heroin, and oxycodone in violation of 21 U.S.C. 846. The conspiracy was alleged to have occurred between January 1, 2016, and February 28, 2019, and involved the parties obtaining heroin, fentanyl, oxycodone, and marijuana from suppliers in Detroit, Michigan and redistributing them in Mansfield, Ohio. The 55-page indictment identified 139 separate text messages and conversations between and among the coconspirators arranging the pickup, transportation, sale, and distribution of those drugs identified in the

3.

indictment. The conspiracy indictment did not identify any conduct specifically related to appellant's November 15, 2018 traffic stop in Wood County, Ohio. The indictment also identified six additional counts against appellant related to his possession of oxycodone with intent to distribute, possession of fentanyl with intent to distribute, possession of heroin with intent to distribute, possession of a firearm in furtherance of drug trafficking offenses, and his being a felon in possession of a firearm.[1] None of the additional counts identified appellant's conduct on November 15, 2018 as the factual basis for the charged offenses. The federal indictment was assigned United States District Court for the Northern District of Ohio, Eastern Division case No. 1:19 CR 99-1 ("federal case").

{¶ 7} Having originally entered a not guilty plea in the federal case, appellant appeared for a change of plea hearing in that case on December 3, 2019. At that time, he changed his plea on the seven counts pending against him to guilty. The court accepted his guilty plea and set the matter for sentencing on April 1, 2020.

{¶ 8} On December 10, 2019, appellant filed a motion to dismiss the indictment in the state case. He argued that his guilty plea in the federal case prohibited the state from pursuing the charged offenses pursuant to R.C. 2925.50, which states:

---

[1] Appellant was barred from possessing a firearm in light of his August 29, 2006 conviction for distribution of cocaine in United States District for the Northern District of Ohio, Eastern Division case No. 1:06 CR 165.

4.

If a violation of this chapter is a violation of the federal drug abuse control law, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state.

The state opposed appellant's motion, arguing that he could not seek to invoke the protections of R.C. 2925.50 until he was convicted of the federal offenses. Since appellant had not yet been sentenced on the federal offenses, the state argued, he had not yet been convicted under federal law and, therefore, his motion was premature and should be denied. The trial court agreed with the state and denied appellant's motion. We affirmed the trial court's judgment on interlocutory appeal and remanded the matter for further proceedings on October 29, 2021. *State v. Mott,* 6th Dist. Wood No. WD-19-090, 2021-Ohio-3854.

{¶ 9} Appellant was sentenced in the federal case on February 18, 2022. Having been convicted in the federal case, appellant filed a second motion to dismiss the indictment in the state case, again arguing that R.C. 2925.50 barred his prosecution. Specifically, appellant argued that the November 15, 2018 traffic stop in which he was found to be in possession of oxycodone occurred within the date range of the federal conspiracy offense—January 1, 2016 to February 28, 2019. Therefore, he argued, he had been convicted in the federal case for the same act underlying the state indictment, barring the state from its further prosecution.

5.

{¶ 10} The state, in its March 2, 2022 opposition brief, argued that appellant's conduct on November 15, 2018 was not the "same act" that supported his conviction in the federal case. Specifically, the state noted that the federal indictment does not mention the November 15, 2018 events or any overt acts in further of the federal conspiracy events related to that date in the indictment. The state also argued that because the elements of the offense in the present case are distinct from the elements of the federal conspiracy offense, that they do not, as a matter of law, constitute the same act as described in R.C. 2925.50 and its prosecution of the state offense is not barred.

{¶ 11} The trial court denied appellant's motion on May 17, 2022. The court held that the federal case indictment's lack of reference to the November 15, 2018 traffic stop as conduct on which those charges were based showed that the stop underlying the state offense was not the same act that resulted in his conviction in the federal case. Therefore, the trial court denied appellant's motion to dismiss the indictment.

## B. Assignment of Error

{¶ 12} Appellant filed his notice of appeal from the denial of his second motion to dismiss on June 14, 2022. On June 15, 2022, the trial court vacated the only scheduled event on its calendar in the underlying criminal case, with proceedings to resume as necessary pending resolution of this appeal. Just as with appellant's first appeal in *Mott,* 6th Dist. Wood No. WD-19-090, 2021-Ohio-3854, this second interlocutory appeal is properly before this court as the denial of a motion to dismiss an indictment on double

6.

jeopardy grounds constitutes a final, appealable order. *State v. Anderson,* 138 Ohio St. 3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 61.  Appellant asserts the following error for our review:

{¶ 13} The trial court erred when it denied appellant's motion to dismiss, pursuant to R.C. 2925.50.

## II.    Law and Analysis

{¶ 14} In his single assignment of error, appellant argues that because his conduct underlying his convictions in the federal case constitutes the "same act" underlying the indictment in the state case that he cannot be prosecuted by the state pursuant to R.C. 2925.50.  Specifically, he argues that the temporal boundaries of the federal conspiracy offense—January 1, 2016 to February 28, 2019—includes his November 15, 2018 conduct giving rise to the state offenses.  Since he was convicted of a conspiracy that encompassed the date on which the conduct underlying the state offenses occurred, appellant argues that he has been convicted under the federal drug abuse control laws for the same act and R.C. 2925.50 precludes the state's prosecution.  He now asks this court to find that the trial court erred in denying his motion to dismiss on these grounds.

{¶ 15} "Appellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *State v. Anderson,* 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790. ¶ 20.  The United States Supreme Court has held that two prosecutions brought by different sovereigns generally

7.

does not violate the double jeopardy protections enshrined in the Fifth Amendment of the United States Constitution. *Puerto Rico v. Sanchez Valle,* 579 U.S. 59, 136 S.Ct. 1863 (2016). It also held that states are separate sovereigns from the federal government, thereby allowing them to prosecute an offender for same conduct without violating their double jeopardy protections. *Id.* at 69, citing *Abbate v. United States,* 359 U.S. 187, 195, 79 S.Ct. 666 (1959). The Ohio General Assembly, however, has enacted an exception to dual-sovereignty prosecutions by barring prosecution of a drug-related offense by the state when the offender has already been convicted or acquitted for the same act under the federal drug abuse control law. R.C. 2925.50.

{¶ 16} The statute defines the federal drug abuse control law as the "'Comprehensive Drug Abuse Prevention and Control Act of 1970,' 84 Stat. 1242, 21 U.S.C. 801, as amended." R.C. 3719.01(I). It is undisputed that some of appellant's conviction in the federal case were pursuant to the federal drug abuse control law as defined by the statute—namely, appellant was convicted of one count of conspiracy in violation of 21 U.S.C. 846 and three counts of possession with intent to distribute in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c).[2] Therefore, the only question at issue in our de novo review is whether appellant's November 15, 2018 conduct constitutes the

---

[2] Appellant's convictions for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(C)(1)(A) arise under a separate chapter of the United States Code and would not serve as a bar to appellant's state prosecution as defined by R.C. 2925.50.

8.

"same act" for which he was convicted in the federal case of conspiracy and possession with intent to distribute. The phrase "same act" in the statute refers to the "same conduct." *State v. Nickelson,* 2020-Ohio-1149, 152 N.E.3d 1288, ¶ 36 (7th Dist.). To resolve this appeal, then, we must compare the record as to appellant's convictions in the federal case to determine whether his November 15, 2018 conduct constituted the same act underlying those convictions.

### A. Appellant's federal convictions for possession with intent to distribute in violation of 21 U.S.C. 841 were not based on the same act as his indictment in the state case.

{¶ 17} Appellant argues that his convictions for possession with intent to distribute in violation of 21 U.S.C. 841 were based on the same conduct that gave rise to the indictment in the state case. Specifically, he argues that the federal possession with intent to distribute offense requires proof of the same elements as the state aggravated trafficking offense. Further, because the state aggravated trafficking offense occurred during the time in which the conspiracy occurred, his possession with intent to distribute conviction must be based on the same conduct as the pending aggravated trafficking charge. This argument is unfounded, however, because his federal indictment for possession with intent to distribute—counts 16, 17, and 18—specifically identify that the possession for which he was charged occurred on September 20, 2018. The state aggravated trafficking charge is based on appellant's conduct that occurred on November 15, 2018.

9.

**{¶ 18}** It is clear that appellant's convictions in the federal case for possession with intent to distribute oxycodone, fentanyl, and heroin do not result from the same conduct underlying the present trafficking offenses. Therefore, appellant's prosecution in the state case is not based on the same act underlying his conviction in the federal case as to counts 16, 17, and 18. Since they are not based on the same act, appellant's conviction on those counts does not bar prosecution in the state case pursuant to R.C. 2925.50.

**B. Appellant's federal conviction for conspiracy to possess and distribute in violation of in violation of 21 U.S.C. 846 was not based on the same act as his indictment in the state case.**

**{¶ 19}** Appellant also argues that because his November 15, 2018 conduct occurred during the timeframe in which his he and his federal codefendants engaged in the conspiracy to possess with intent to distribute fentanyl, heroin, and oxycodone in violation of 21 U.S.C. 846, that his conduct on November 15, 2018 must be considered the same act for which he was convicted in count 1 of the federal case. In support of his argument, appellant cites *State v. Nickelson,* 2020-Ohio-1149, 152 N.E.3d 1288 (7th Dist.). In that case, Nickelson was charged with conspiracy to possess and distribute oxycodone in violation of 21 U.S.C. 846 in the United States Northern District Court for West Virginia. *Id.* at ¶ 7. The indictment alleged that the conspiracy began in 2011 and continued until "on or about October 2015." *Id.* Two days later, Nickelson was indicted in Belmont County, Ohio on one count of trafficking in cocaine and one count of trafficking in Oxycodone. *Id.* at ¶ 8. The state charges were the result of a search of

Nickelson's motel room on October 14, 2015 that resulted in the discovery of the drugs. *Id.* at ¶ 10. Nickelson entered a guilty plea to the federal conspiracy charge on January 11, 2016. *Id.* at ¶ 12. During the plea hearing, a West Virginia State Highway Patrolmen testified that the Nickelson's trafficking of drugs in Ohio on October 14, 2015, was a specific act conducted in furtherance of the conspiracy. *Id.* at ¶ 12. Nickelson was sentenced on his guilty plea to the federal conspiracy charge on March 14, 2016. *Id.* at ¶ 13.

{¶ 20} Nickelson subsequently entered a no contest plea to the state trafficking offense on June 16, 2016. *Id.* at ¶ 14. Nickelson was sentenced on June 23, 2016. *Id.* at ¶ 15. Just over three years later, on July 25, 2019, Nickelson filed a post-sentence motion to withdraw his plea, arguing that his conviction was void because the state was barred from prosecuting him pursuant to R.C. 2925.50. *Id.* at ¶ 17. The trial court denied Nickelson's motion finding that "his convictions are unaffected by whatever may have happened [in the West Virginia federal case]." *Id.* at ¶ 18.

{¶ 21} The Seventh District Court of Appeals reversed the trial court's decision. *Id.* at ¶ 39. The court held that Nickelson's drug trafficking in Ohio was indeed the same act on which the conspiracy conviction in the West Virginia federal case was based. *Id.* at ¶ 37. As a result, the court found that both the federal and state convictions were based on the "same act" and R.C. 2925.50 barred Nickelson's Ohio prosecution. *Id.* Here, appellant argues that the holding in Nickelson is applicable to his case because, like

Nickelson, his state trafficking offense occurred during the pendency of the conspiracy underlying his federal conviction. We disagree.

{¶ 22} *Nickelson* is readily distinguishable from the facts in this case. In *Nickelson,* there was direct testimony at the plea hearing that the federal conviction was based on the exact same conduct—the trafficking of drugs in Ohio—as the state trafficking charge. Nickelson's prosecution for the state offenses was barred because his trafficking in Ohio was explicitly referenced as the basis for the conspiracy charge in federal court, not because it happened to occur during the time range specified in the conspiracy indictment. Appellant's reliance on *Nickelson* as showing that offenses that occur during the same period as the conspiracy require a finding that those convictions are based on the same act is misplaced.

{¶ 23} Turning to the record here, there is nothing in the 55-page federal indictment that references appellant's November 15, 2018 traffic as the basis for the federal indictment. Further, the federal indictment outlines 139 separate text messages and conversations as overt acts in furtherance of the conspiracy charge, none of which occurred on, or reference appellant's conduct on, November 15, 2018. Lastly, the federal indictment only references appellant's possession with intent to distribute charge as occurring on September 20, 2018. Unlike *Nickelson,* in which there was direct testimony relating the federal conspiracy conviction to the exact same conduct underlying the state

12.

offense, here, there is no reference in the federal case tying appellant's conspiracy conviction therein to his possession of drugs on November 15, 2018.

{¶ 24} Put simply, there is nothing in the record that supports appellant's contention that his November 15, 2018 conduct constitutes the same act underlying his conviction in the federal case. Therefore, R.C. 2925.50 is inapplicable and the trial court did not err in denying appellant's motion to dismiss the indictment.

### III.    Conclusion

{¶ 25} We find that appellant's indictment in Wood County Court of Common Pleas case No. 2018CR0587 is not based on the same act for which he was convicted in United States for the District Court, Northern District of Ohio, Eastern Division case No. 1:19 CR 99-1. Therefore, his prosecution for the state offenses is not barred pursuant to R.C. 2925.50 and the trial court did not err in denying his motion to dismiss the indictment.

{¶ 26} For these reasons, we find appellant's single assignment of error not well-taken and we affirm the May 17, 2022 judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
                                    JUDGE

Gene A. Zmuda, J.

_____

Myron C. Duhart, P.J.                              JUDGE
CONCUR.

_____
                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.